***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted January 24; remanded for resentencing, otherwise affirmed February 23; petition for review denied May 18, 2023 (371 Or 106)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEREMIAH JAMES BARKLEY,
*Defendant-Appellant.*

Marion County Circuit Court
19CR18896; A175995

J. Channing Bennett, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Hellman, Judge.

AOYAGI, P. J.

Remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was convicted of first-degree sexual abuse, ORS 163.427 (Count 1); third-degree sodomy, ORS 163.385 (Count 2); and six counts of second-degree sexual abuse, ORS 163.425 (Counts 4 to 9). Those convictions are based on defendant's sexual abuse of a teenaged boy who belonged to the same church as defendant and who was a member of the Boy Scout troop for which defendant was the Scoutmaster. On appeal, defendant raises two assignments of error. First, he argues that the trial court erred in entering a judgment that provides for consecutive sentencing on Count 9, which is contrary to the sentence announced in defendant's presence. Second, he argues that the trial court erred by ordering defendant's wife to testify after she invoked the Fifth Amendment. We conclude that the trial court erred in the first regard, but not the second.

*Sentencing.* At sentencing, the trial court announced each of the sentences for defendant's eight convictions and how they would run, including that defendant's 36-month sentence on Count 9 would run concurrently with his other sentences. As announced, defendant's sentences totaled 263 months of prison time. At the time, the court stated that it had decided not to impose the 299 months requested by the state, but instead intended to impose 285 months, and it does not appear to have realized that the sentences imposed totaled less than it intended. The court subsequently entered a judgment consistent with its oral pronouncement of sentence. A week later, however, it entered an amended judgment, changing the sentence on Count 9 from concurrent to consecutive, resulting in a total of 299 months of prison time.

Defendant contends that the court erred by modifying his sentence outside his presence.[1] The state concedes the error, and we agree. "A defendant's right to be present when sentenced on a felony is both statutorily and constitutionally grounded." *State v. DeCamp*, 158 Or App 238, 242,

---

[1] Because the modification appeared for the first time in the amended judgment, defendant had no opportunity to object to it at sentencing, excusing him from the requirements of preservation of error. *State v. Lewis*, 236 Or App 49, 52, 234 P3d 152, *rev den*, 349 Or 172 (2010).

973 P2d 922 (1999) (holding that it was error to make a substantive modification to the defendant's sentence outside his presence); *see also State v. Blake*, 7 Or App 307, 311, 490 P2d 1026 (1971) ("A modification of the judgment providing that the sentences would be served consecutively, rather than concurrently, would be a substantive change in the sentence. Such a change must be accomplished in defendant's presence or it may be invalidated."). The trial court erred in acting as it did and, accordingly, we remand for resentencing, as both parties request.

*Wife's testimony.* Defendant's wife was called as a witness at defendant's trial. Over a year earlier, she had pleaded guilty to three counts of second-degree sex abuse of the same victim, based on her having sex with the boy when he was 17 years old. At defendant's trial, the court interrupted defendant's wife's testimony to ask her attorney whether he wanted to speak to his client, advised her of her Fifth Amendment right to remain silent, and warned her that if her testimony at defendant's trial was inconsistent with testimony that she gave under oath in her own case, that could constitute the crime of false swearing. Defendant's wife subsequently stated that she was "going to go ahead and under advice of counsel, plead the Fifth." Proceedings halted, and, the next morning, the court and the parties met in chambers for an hour. When they went back on the record, the court noted that defendant's wife had pleaded to her charges without testifying under oath in her case, such that the "false swearing" issue that the court had raised the day before was not actually an issue, so there was "not a Fifth Amendment issue." The court concluded by stating, "Thus I will compel you to testify." The court then asked defendant if he wanted to put his position on the record, at which point defendant argued the marital communication privilege, and the trial court rejected that argument.

The state argues that defendant's claim of error on appeal is unpreserved, because defendant never objected to his wife's testimony on Fifth Amendment grounds, asserting only the marital communication privilege. The state further argues that defendant has not requested plain-error review and that, in any event, it was not plain error to order

defendant's wife to proceed with testifying, because Fifth Amendment rights are personal to the witness and cannot be invoked by someone else.[2] *See State v. Johnson*, 243 Or 532, 537-38, 413 P2d 383 (1966) ("The refusal of a witness to answer questions on the basis of his constitutional right against self-incrimination is the personal privilege of the witness, a matter over which the defendant has no control."); *State v. Denniston*, 8 Or App 64, 71, 491 P2d 1189 (1971) ("[T]he privilege against self-incrimination is personal to the witness and any error concerning that privilege may only be raised by him."). We agree with the state on all three points and, accordingly, reject defendant's second assignment of error.

Remanded for resentencing; otherwise affirmed.

---

[2] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1); *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (stating requirements for "plain" error).